IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KELLY LAIRD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-00435-O-BP |
| § | |
| SHELLPOINT MORTGAGE § | |
| SERVICING, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff Kelly Laird's amended Motion to Remand (ECF No. 12), filed on May 20, 2025, and Defendants' Response to the Motion to Remand (ECF No. 16), filed on May 29, 2025. Because it appears that the Court has subject-matter jurisdiction over this case, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Laird's amended Motion to Remand (ECF No. 12).

I.  **BACKGROUND**

Laird initiated this action by filing an original petition in the 352nd Judicial District Court of Tarrant County, Texas. ECF No. 1. On April 21, 2025, Defendants Shellpoint Mortgage Servicing ("Shellpoint") and Metropolitan Life Insurance Company ("Metropolitan") ("collectively "Defendants") removed the case from state court. *Id.* The case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3.

Laird initially moved to remand the case on May 8, 2025. ECF No. 9. The next day, the Court ordered Laird to file an amended motion containing a certificate of conference as required by Local Civil Rule 7.1(b). ECF No. 11. Laird filed her amended motion containing the required certificate of conference on May 20, 2025. ECF No. 12. In it, she argues that "[t]he Complaint

does not raise any federal claim on its face; [t]he amount in controversy does not exceed $75,000; Shellpoint had not been properly served at the time of removal, violating the unanimity rule; and Defendants' references to federal law and counterclaims are legally insufficient to create jurisdiction." ECF No. 12 at 2. Defendants respond that Laird's complaint does include federal claims under the Real Estate Settlement Procedures Act ("RESPA"), that the amount in controversy is well in excess of $75,000.00, and that removal was proper under 28 U.S.C. § 1446(b). ECF No. 16 at 6.

Laird also filed her First Amended Complaint in compliance with the Court's orders on June 9, 2025. ECF No. 22. Likewise, Defendants filed their answer to the Amended Complaint on June 23, 2025. ECF No. 25.

## II.    LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332. District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th

Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, "subject matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. When a suit contains federal law and state law claims, the district court has federal jurisdiction over the federal law claims and has discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *Pennie v. Obama*, 255 F. Supp. 3d 648, 677 n.5 (N.D. Tex. 2017) (citing 28 U.S.C. § 1367).

A defendant's right to remove a case from state to federal court is statutory. 28 U.S.C. § 1441. However, not every case can be removed to federal court. The governing provision of the federal removal statute authorizes a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court must have subject-matter jurisdiction over the case or controversy removed. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

A defendant may remove a case to federal court if the complaint pleads a federal question. A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983). To determine whether jurisdiction is present for removal, the Court must consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

The Court is mindful that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When removal is defective for lack of subject-matter jurisdiction, the Court must remand the action regardless of whether the parties have requested such action. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998); *see also Int'l Primate Protection League v. Adm'rs of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (holding that the literal words of § 1447(c) do not provide courts with discretion to dismiss, rather than remand, upon finding a lack of subject-matter jurisdiction). Moreover, if the Court lacks subject-matter jurisdiction, it must remand the case to state court, not dismiss it. *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 447 (5th Cir. 2023) ("[T]he literal words of § 1447(c), on their face, give no discretion to dismiss rather than remand an action. The statute declares that, where subject-matter jurisdiction is lacking, the removed case shall be remanded." (citations and alterations omitted)).

### III.    ANALYSIS

#### A.    The Court does not have federal question jurisdiction over Laird's claims.

Defendants state in their Notice of Removal that the Court has subject-matter jurisdiction over this case based on both federal question jurisdiction and diversity jurisdiction. ECF No. 1 at 2-6. As to federal question jurisdiction, Defendants claim that Laird raises a claim for "dual tracking under Section 1024.41, which [RESPA] makes actionable. *See* 12 C.F.R. § 1024.41 ('A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. [§] 2605(f)')." *Id*. at 5.

In her state court petition, Laird affirmatively states that she "asserts only state law claims, including violations of: i. Texas Property Code; ii. Texas Insurance Code; iii. Texas Business & Commerce Code (DTPA); [and] iv. Texas Debt Collection Act (TDCA)." ECF No. 1-1 at 9. However, she does cite to 12 C.F.R. § 1024.41(g) when claiming that "Shellpoint's actions

4

constitute dual-tracking violations." *Id*. at 11. Further, Laird continues this claim in her amended complaint by alleging that "Shellpoint's foreclosure actions violated federal loss mitigation regulations, including dual-tracking prohibitions under 12 C.F.R. § 1024.41(g), by initiating foreclosure while [she] was still actively pursuing insurance-based repairs and loss mitigation options." ECF No. 22 at 5.

In her Motion, Laird argues that her state court petition "does not seek relief under RESPA," and "[a]ny mention of 'dual tracking' was made in the context of a Texas-based wrongful foreclosure and consumer protection framework." ECF No. 12 at 3.

In most instances, a federal question appears because the plaintiff "plea[ds] a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also Brewster v. Nationstar Mortg., LLC*, No. 3:13-cv-2807-M, 2013 WL 6501261 at *3 (N.D. Tex. Dec. 10, 2013) ("Plaintiff's Petition, as it stood at the time of Defendant's removal, presented a federal question under RESPA. Thus, this Court has federal question jurisdiction over the matter"). But a state-law claim can still "arise[ ] under federal law" where "the state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

In a similar case, the Court found that the plaintiff asserted a violation of 12 C.F.R. § 1024.41 as an independent cause of action because he sought recovery for the violation under 12 U.S.C. § 2605(f). *Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-cv-2331-K-BN, 2016 WL 6581279, at *5 (N.D. Tex. Oct. 12, 2016), *rec. adopted*, No. 3:16-cv-2331-K-BN, 2016 WL 6566538 (N.D. Tex. Nov. 3, 2016). However, in Laird's Motion, she explicitly states that she "does not assert a standalone RESPA claim," and that she made no "request for relief under 12 U.S.C.

5

§ 2605." ECF No. 12 at 3-4. Examination of Laird's state court petition confirms this. *See* ECF No. 1-1. Thus, Laird appears to merely mention this violation as proof that Defendants violated some other state law cause of action. *See Hyde v. USAA Fed. Savings Bank*, No. 3:14-cv-4356, 2015 WL 1893149 at *4 (N.D. Tex. Apr. 27, 2015) (rejecting the defendant's contention that the plaintiffs raised a claim under RESPA merely by citing it in their complaint).

Accordingly, Defendants have not met their burden to show that federal question jurisdiction exists in this case.

      **B.**    **There is diversity jurisdiction.**

Since federal question jurisdiction does not exist, the Court must consider whether it has jurisdiction based on diversity of citizenship. To invoke the Court's diversity jurisdiction, Defendants must show that the parties on opposite sides of the case are citizens of different states or foreign states and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The parties are completely diverse because Laird is a citizen of Texas, Metropolitan is a New York corporation with its principal place of business in New York, and Shellpoint is a limited liability company whose members are citizens of Delaware and New York. ECF No. 1 at 3; *see Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516 (5th Cir. 2015) (holding that a party seeking removal based on diversity jurisdiction "must allege the state of incorporation and the principal place of business of corporate parties" to establish its states of citizenship); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members.").

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Section 1446(c)(2) "thus sets a general rule that 'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'" *Durbois v.*

6

*Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (quoting § 1446(c)(2)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). The plaintiff's claimed sum controls if made in good faith. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a plaintiff demands a specific amount in her initial pleading, the amount stated, "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (citation omitted).

In her state court petition, Laird expressly sought to recover actual damages from the "$36,000+ in insurance proceeds," plus treble damages associated with her claim under the DTPA, punitive damages, statutory damages for alleged violations of the TDCA, damages for "mental anguish and emotional distress," along with attorney's fees and court costs. ECF No. 1-1 at 14-15. In the Fifth Circuit, the court counts many such damage claims in calculating the amount in controversy. *St. Paul Reins. Co., Ltd.,* 134 F.3d at 1253 (calculating the amount in controversy and including penalties, statutory damages, punitive damages, potential attorney's fees, and treble damages); *Wofford v. Allstate Ins. Co.,* No. Civ. A. 304CV2699–M, 2005 WL 755761, *2 (N.D. Tex. Apr. 4, 2005) (denying motion to remand and including actual damages, statutory penalties under the Texas Insurance Code, treble damages under the DTPA, costs, and attorney's fees).

Laird's Texas Insurance Code and DTPA claims implicate treble damages. Texas Insurance Code § 541.152(b) provides that an award of treble damages is appropriate if the defendant acted knowingly. Laird seeks treble damages "under the DTPA for Defendants' knowing and intentional misrepresentations regarding insurance disbursement and loan servicing requirements." ECF No. 1-1 at 15. Thus, the original petition calls for the award of treble damages.

7

Trebling the alleged actual damages alone results in an amount in controversy of $108,000.00. As a result, the $75,000.00 amount in controversy requirement is easily met. Accordingly, the Court has diversity jurisdiction over this case because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### C. Removal was proper.

For removal to be timely, the notice must be "filed within 30 days" after the defendant receives a copy of the initial pleading, through service of process or otherwise. 28 U.S.C. § 1446(b)(1). The removal statute, 28 U.S.C. § 1441, is "strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem*. Co., 491 F.3d 278, 281-82 (5th Cir. 2007). A removing defendant has the burden of establishing that removal was proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc*., 579 F.3d 525, 528 (5th Cir. 2009). "Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law." *City of Clarksdale v. BellSouth Telecomms*., Inc., 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 352-53 (1999)).

"In removed cases, the question [of] whether the plaintiff has properly served the defendant is determined by reference to the applicable state law." *Armstrong v. Sw. Airlines Co*., No. 3:20-cv-3610-BT, 2021 WL 4219706, at *2 (N.D. Tex. Sept. 15, 2021) (quoting *Thevenet, v. Deutsche Bank Nat'l Trust Co*., No. 3:17-cv-1832-D, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017). Additionally, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). The United States Supreme Court has interpreted § 1446(b) as requiring formal service of process upon a defendant before the thirty-day removal period begins to run. *Murphy Bros*., 526 U.S. at 344. Federal Rule of Civil Procedure 4

and Texas Rule of Civil Procedure 103 prohibit a plaintiff from serving the defendant herself. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint.") (emphasis added); Tex. R. Civ. P. 103 ("no person who is a party to or interested in the outcome of a suit may serve any process").

Laird alleges that "removal was premature" because Defendant Shellpoint had not been served at the time of filing. *See* ECF No. 12 at 5. However, Laird never properly served either Defendant. *See* ECF No. 1 at 2. As a result, the thirty-day period for removal never began, and Defendants jointly filed the Notice of Removal timely under 28 U.S.C. §§ 1446(b). *See Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 304 (5th Cir. 2014); *see also Ellis v. Wells Fargo Bank, N.A.*, No. 3:21-cv-01225-X-BH, 2021 WL 4976973, at *3 (N.D. Tex. Oct. 8, 2021), *rec. adopted*, No. 3:21-cv-01225-X, 2021 WL 4975739 (N.D. Tex. Oct. 26, 2021) ("Absent service, the thirty-day removal period in § 1446(b) had not begun to run at the time Defendant removed this case, so the removal was not untimely.").

However, even if Shellpoint did not consent to removal as Laird claims, its consent to removal was unnecessary because it was not properly served. *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, n.9 (5th Cir. 1988) ("This statute has been interpreted to require that all then served properly joined defendants join in the removal petition."). Laird concedes that she had not served Shellpoint when Defendants filed the removal petition. *See* ECF No. 12 at 5-6. As a result of the improper service, Shellpoint's consent to removal was not required, even though it joined Metropolitan in filing the Notice of Removal. Thus, Defendants' Notice of Removal was timely, and it included the necessary consent.

## IV.   CONCLUSION

While Defendants have not met their burden to show that federal question jurisdiction exists, they have shown that the Court has diversity jurisdiction and that their removal of the case

from state court was executed properly. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Laird's amended Motion to Remand (ECF No. 12).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 23, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE